UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VALMIKI D. RAMANI,<br><br>                    Plaintiff,<br><br>-against-<br><br>CD BABY, INC.,<br><br>                    Defendant. | 23-CV-4596 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Queens County, New York, brings this *pro se* action invoking the Court's federal question jurisdiction. Plaintiff sues an Oregon corporation that he engaged to distribute his music, asserting claims for breach of contract and "theft of intellectual property." The complaint could be liberally construed as arising under the Court's diversity jurisdiction, 28 U.S.C. § 1332. For the following reasons, this action is transferred to the United States District Court for the District of Oregon.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that in July 2020, Defendant CD Baby, Inc. violated his rights. Plaintiff engaged Defendant to distribute his music "worldwide," in stores and online platforms, with the exception that the music not be distributed on You Tube.[1] (ECF 1 at 5.) Plaintiff alleges that one of his songs (titled "Don't") was distributed to You Tube, in breach of his agreement with Defendant. (*Id.*)

Plaintiff resides in Queens County, outside this district, 28 U.S.C. § 112(c), and nothing in the complaint suggests that a substantial part of Plaintiff's claims arose in this district. It therefore does not appear that venue lies in this district under Section 1391(b)(2). Plaintiff provides an address for Defendant at its headquarters in Portland, Oregon, but he does not include any facts showing that Defendant is subject to personal jurisdiction (and thus resides) in this district. It is therefore also not clear that venue lies in this district under Section 1391(b)(1). Venue is proper under Section 1391(b)(1), however, in the United States District Court for the District of Oregon because Defendant resides in Portland, Oregon, within that district. 28 U.S.C. § 117.

Even where venue is proper in the district where a case was filed, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to

---

[1] Plaintiff has brought several prior suits against You Tube. *See, e.g. Ramani v. YouTube LLC*, No. 1:22-CV-10949 (LTS) (S.D.N.Y. Jan. 19, 2023) (transferred to the United States District Court for the Northern District of California); *Ramani v. YouTube LLC*, 1:19-CV-09499 (CM) (S.D.N.Y. Dec. 5, 2019) (transferred to the United States District Court for the Northern District of California); *Ramani v. YouTube LLC*, No. 1:17-CV-05746 (CM) (S.D.N.Y. Sept. 20, 2019) (transferred to the United States District Court for the Northern District of California).

compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under 28 U.S.C. § 1404(a), transfer appears to be appropriate in this case. Plaintiff does not reside in this district and there is no indication that any underlying events occurred in this district. Moreover, it is reasonable to expect that relevant documents would be in Oregon, where Defendant resides. The District of Oregon thus appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the District of Oregon. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of Oregon. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes the case in the Southern District of New York.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  June 1, 2023
         New York, New York

                                      /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                      Chief United States District Judge